**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>POLISHED.COM INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-10353 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of POLISHED.COM INC., *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>GB BEST SERVICES, LLC,<br><br>Defendant. | Adv. Proc. No. 26-50195 (TMH) |

**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**

Plaintiff, George L. Miller, in his capacity as Chapter 7 Trustee (the "Plaintiff"), for the above-captioned debtors (the "Debtors") by and through its undersigned counsel, hereby requests that a default be entered against defendant GB Best Services, LLC (the "Defendant"), in the above-captioned adversary proceeding based on the details of the *Declaration of Counsel in Support of Plaintiff's Request for Entry of Default* (the "Declaration") filed concurrently herewith, and the *Complaint for Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 548, And 550,* with accompanying *Summons* and *Certificate of Service*, attached to the Affidavit as Exhibit 1. A form of *Entry of Default* is attached hereto as **Exhibit A**.

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

Dated: July 31, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*

Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to Plaintiff George L. Miller, Chapter 7 Trustee*

# **Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>POLISHED.COM INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-10353 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of POLISHED.COM INC., *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>GB BEST SERVICES, LLC,<br><br>Defendant. | Adv. Proc. No. 26-50195 (TMH) |

**ENTRY OF DEFAULT**

It appears from the record that the Defendant GB Best Services, LLC, failed to plead or otherwise defend in this case as required by law.

Therefore, default is entered against the Defendant as authorized by Federal Rule of Bankruptcy Procedure 7055.

Date: _______________, 2026

*/s/ Stephen L. Grant, Sr.*
Clerk of the Bankruptcy Court

By: ____________________________
Deputy Clerk

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>POLISHED.COM INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-10353 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of POLISHED.COM INC., *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>GB BEST SERVICES, LLC,<br><br>Defendant. | Adv. Proc. No. 26-50195 (TMH) |

**DECLARATION OF COUNSEL IN SUPPORT OF**
**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**

I, Peter J. Keane, hereby declare under penalty of perjury, pursuant to section 1746 of title 28 of the United States Code, as follows:

1. I am an attorney admitted to practice in the State of Delaware and the United States Bankruptcy Court for the District of Delaware, among other jurisdictions.

2. I submit this declaration (the "Declaration") in support of the *Plaintiff's Request for Entry of Default*, pursuant to Federal Rule of Civil Procedure 55(b)(1), made applicable by Federal Rule of Bankruptcy Procedure 7055.

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

3. I am one of the attorneys for the above-captioned Plaintiff in this adversary proceeding and have personal knowledge of the facts set forth in this Declaration.

4. On March 2, 2026, Plaintiff filed the *Complaint for Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 548 And 550* (the "Complaint")[2] [Adv. Docket No. 1] against defendant GB Best Services, LLC (the "Defendant"), seeking recovery of avoidable transfers.

5. On March 17, 2026, the summons (the "Summons") [Adv. Docket No. 3] was issued.

6. On March 17, 2026, Plaintiff served the Summons and the Complaint on Defendant and filed the Certificate of Service which required a responsive pleading be filed in 30 days.

7. The Complaint, Summons, and Certificate of Service are attached as **Exhibit 1** to this Declaration.

8. The time within which Defendant may answer, move or otherwise respond to the Complaint has expired.

9. Defendant has not answered, moved or otherwise responded to the Complaint within the time limit fixed by Bankruptcy Rule 7012(a) as extended. In addition, I have examined the docket in the Adversary Proceeding, and no response by Defendant is reflected thereon.

---

[2] Capitalized terms used, but not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

10. To the best of my knowledge and belief based upon the documents in our files, Defendant is not an infant, an incompetent person, or in the military service.

11. Pursuant to Del. Bank. L.R. 7055-1, a copy of Plaintiff's Request for Entry of Default, together with this Declaration, is contemporaneously being served on Defendant at the addresses listed on the Certificate of Service.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 31, 2026

*<u>/s/Peter J. Keane</u>*
Peter J. Keane (DE Bar No. 5503)

# **Exhibit 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>POLISHED.COM INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-10353 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of POLISHED.COM INC., *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>GB BEST SERVICES, LLC,<br><br>Defendant. | Adv. Proc. No. 26-50195 (TMH) |

**SUMMONS AND NOTICE OF PRETRIAL CONFERENCE IN AN ADVERSARY PROCEEDING**

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| | |
|---|---|
| Address of Clerk: | United States Bankruptcy Court<br>824 North Market Street, 3rd Floor<br>Wilmington, DE 19801 |

At the same time, you must also serve a copy of the motion or answer upon the Plaintiff's attorney. Name and address of Plaintiff's attorneys:

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.
YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| | |
|---|---|
| Address: United States Bankruptcy Court<br>824 N. Market Street, 5th Floor<br>Wilmington, DE 19801 | Courtroom No. 5<br><br>Date and Time: May 27, 2026 at 10:00 a.m. (ET) |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**United States Bankruptcy**
**Court for the District of Delaware**

*<u>/s/ Stephen L. Grant</u>*
Clerk of the Bankruptcy Court

Date: March 17, 2026

**CERTIFICATE OF SERVICE**

I, Peter J. Keane, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint were made March 17, 2026, by:

☒ Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

**SEE ATTACHED SERVICE LIST**

☐ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☒ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

**SEE ATTACHED SERVICE LIST**

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of ___________________, as follows: [Describe briefly] (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: March 17, 2026

*<u>/s/ Peter J. Keane</u>*
Peter J. Keane (DE Bar No. 5503)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P O Box 8705
Wilmington, DE 19899-8705 (Courier 19801)

Adv. Service List

**FIRST CLASS MAIL & CERTIFIED MAIL**
GB Best Services, LLC
308 8th Street
Union City, NJ 07087

**FIRST CLASS MAIL & CERTIFIED MAIL**
GB Best Services, LLC
812 Central Avenue
Union City, NJ 07087

**FIRST CLASS MAIL & CERTIFIED MAIL**
Registered Agent, Gershon N. Bonilla Hernandez
GB Best Services, LLC
812 Central Avenue
Union City, NJ 07087-2924

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>POLISHED.COM INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-10353 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of POLISHED.COM INC., *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>GB BEST SERVICES, LLC.,<br><br>Defendant. | Adv. Proc. No. 26-50195 (TMH) |

**<u>NOTICE OF DISPUTE RESOLUTION ALTERNATIVES</u>**

As party to litigation you have a right to adjudication of your matter by a judge of this Court. Settlement of your case, however, can often produce a resolution more quickly than appearing before a judge. Additionally, settlement can also reduce the expense, inconvenience, and uncertainty of litigation.

There are dispute resolution structures, other than litigation, that can lead to resolving your case. Alternative Dispute Resolution (ADR) is offered through a program established by this Court. The use of these services are often productive and effective in settling disputes. **The purpose of this Notice is to furnish general information about ADR.**

The ADR structures used most often are mediation, early-neutral evaluation, mediation/arbitration and arbitration. In each, the process is presided over by an impartial third party, called the "neutral".

In mediation and early neutral evaluation, an experienced neutral has no power to impose a settlement on you. It fosters an environment where offers can be discussed and exchanged. In the process, together, you and your attorney will be involved in weighing settlement proposals and crafting a settlement. The Court in its Local Rules requires all ADR processes, except threat of a potential criminal action, to be confidential. You will not be prejudiced in the event a settlement is not achieved because the presiding judge will not be advised of the content of any of your settlement discussions.

Mediation/arbitration is a process where you submit to mediation and, if it is unsuccessful, agree that the mediator will act as an arbitrator. At that point, the process is the same as arbitration. You, through your counsel, will present evidence to a neutral, who issues a decision. If the matter in controversy arises in the main bankruptcy case or arises from a subsidiary issue in an adversary proceeding, the arbitration, though voluntary, may be binding. If a party requests *de novo* review of an arbitration award, the judge will rehear the case.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

**Your attorney can provide you with additional information about ADR and advise you as to whether and when ADR might be helpful in your case.**

Dated: March 17, 2026

*<u>/s/ Stephen L. Grant</u>*
Clerk of the Court

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>POLISHED.COM INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-10353 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of POLISHED.COM INC., *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>GB BEST SERVICES, LLC,<br><br>Defendant. | Adv. Proc. No. 26-______ (____) |

**COMPLAINT FOR AVOIDANCE AND RECOVERY**
**OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

Plaintiff, George L. Miller, in his capacity as chapter 7 trustee (the "Plaintiff" or "Trustee"), for the estates of the above-captioned debtors (the "Debtors") in the above-captioned cases pending under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), by and through his undersigned counsel, as and for his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* (the "Complaint") against the above-captioned defendant (the "Defendant"), alleges as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

**BACKGROUND**

1. On March 7, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. These cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

**THE PARTIES**

2. George L. Miller is the appointed chapter 7 trustee in these cases [Docket No. 8]. The Bankruptcy Code authorizes the Trustee to pursue and prosecute avoidance actions on behalf of the Debtors' estates.

3. Defendant GB Best Services, LLC is a limited liability company formed under the laws of the State of New Jersey with its principal office address at 308 8th Street, Union City, NJ 07087.

**JURISDICTION AND VENUE**

4. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

5. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

6. Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that

the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

8. This adversary proceeding is initiated pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 547 and 550 of the Bankruptcy Code, to avoid and recover certain avoidable transfers that were made by the Debtors to the Defendant 90 days prior to the Petition Date.

## FACTS

9. Prior to the Petition Date, the Debtors operated an e-commerce platform that sold appliances, furniture, and home goods.

10. Prior to the Petition Date, the Debtors made certain payments to Defendant for goods and/or services provided to the Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to the transactions between the parties identified on **Exhibit A** attached hereto.

11. During the ninety (90) days prior to the Petition Date, the Debtors made payments to or for the benefit of the Defendant, including those identified on **Exhibit A** attached hereto (collectively, the "Transfers"). **Exhibit A** sets forth the details of each of the Transfers, including the identity of the transferor Debtor, payment date, and payment amount. The aggregate amount of the Transfers is not less than $177,050.00.

12. Before filing this Complaint, pursuant to 11 U.S.C. § 547(b), Plaintiff conducted reasonable due diligence in the circumstances of the case and took into account

Defendant's known or reasonably knowable affirmative defenses, through the due diligence efforts identified below. Although it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), as noted below, Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c).

13. Moreover, certain information related to potential affirmative defenses under 11 U.S.C. § 547 may only be in Defendant's possession, which Plaintiff is entitled to request during discovery. Plaintiff is a post-bankruptcy appointed chapter 7 trustee who has no direct knowledge of, or involvement in, the prepetition affairs and business operations of Debtors that are at issue in the above-captioned adversary proceeding. In addition, as a chapter 7 estate, the Debtors have terminated all of their former officers and employees who did have such involvement and/or knowledge.

14. Pursuant to 11 U.S.C. § 547(b), Plaintiff conducted reasonable due diligence in the circumstances of the case to consider reasonably knowable affirmative defenses available to Defendant. As part of Plaintiff's due diligence, Plaintiff reviewed the Debtors' books and records in Plaintiff's possession to identify any invoices qualifying for the subsequent new value defense under section 547(c)(4) of the Bankruptcy Code. However, the subsequent new value defense is an affirmative defense for which Defendant bears the burden of proof under section 547(g). Potential new value is dependent on, and may be subject to adjustment based on, review and confirming the accuracy of relevant documentation such as invoice dates, shipping dates for goods, and the actual dates of service for services. The Defendant may possess similar evidence in its books and records of which Plaintiff is entitled to request during discovery. Additionally, section 547(c)(4)(B) provides that any potential new value must not be paid for by "an otherwise unavoidable transfer." Accordingly, Plaintiff puts

Defendant to its burden of proof to establish it is entitled to the subsequent new value affirmative defense.

15. In addition, as part of Plaintiff's reasonable due diligence in the circumstances of the case, Plaintiff reviewed the Debtors' books and records in Plaintiff's possession to examine whether historical payment records exist that may be used to analyze whether, and to what extent, Defendant may be able to assert the subjective ordinary course of business affirmative defense. However, the subjective ordinary course of business defense is inherently factual, and payment history is only one factor. Other factors may include collection pressure or tightening of credit terms, among others. Certain information related to these factors may only be in Defendant's possession, which Plaintiff is entitled to request during discovery. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to the ordinary course of business affirmative defense.

16. On or about December 29, 2025, Plaintiff sent demand letters to various potential defendants for avoidance and recovery of possible preferential transfers, including the Defendant herein. The demand letter asserted the basis for Plaintiff's potential causes of action against Defendant based on Plaintiff's review and analysis of the Debtors' books and records in Plaintiff's possession, which analysis took into account Defendant's known or reasonably knowable affirmative defenses. The parties were unable to resolve Plaintiff's claims informally prior to the filing of this Complaint.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

17. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

18. Within the ninety days prior to the Petition Date, the Debtors made the Transfers to Defendant in the total amount of $177,050.00, as more specifically described in **<u>Exhibit A</u>**.

19. Each of the Transfers to the Defendant was a transfer of property of the Debtors.

20. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

21. The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 101(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the Debtors.

22. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

23. Each of the Transfers was made while the Debtors were insolvent. The Debtors are presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

24. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had not been made, and (ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

25. As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

26. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

**SECOND CLAIM FOR RELIEF**
**(For Recovery of Property -- 11 U.S.C. § 550)**

27. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

28. As the Defendant is the initial, immediate, or mediate transferee of the Transfers, the Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under section 550 of the Bankruptcy Code.

29. As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547. As Defendant is the initial, immediate, or mediate transferee of the Transfers, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

WHEREFORE, Plaintiff prays for judgment as follows:

a. For a determination that the Transfers are avoidable fraudulent transfers under 11 U.S.C. § 547, as applicable, and that the Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code;

b. Awarding to the Plaintiff the costs of suit incurred herein, including pre-judgment interest; and

c. For such other and further relief as the Court may deem just and proper.

Dated: March 2, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*

Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to Plaintiff George L. Miller, Chapter 7 Trustee*

# **Exhibit A**

**Polished.Com Inc. et al**
**Bankruptcy Case No. 24-10353**
**Exhibit A**

| Transferor | Transferee | Transfer Date | Transfer Type | Transfer Amount |
|---|---|---|---|---|
| Appliances Connection | GB Best Services LLC | 12/15/2023 | Wire | $ 21,350.00 |
| Appliances Connection | GB Best Services LLC | 12/21/2023 | Wire | $ 20,900.00 |
| Appliances Connection | GB Best Services LLC | 12/28/2023 | Wire | $ 17,950.00 |
| Appliances Connection | GB Best Services LLC | 1/5/2024 | Wire | $ 19,800.00 |
| Appliances Connection | GB Best Services LLC | 1/11/2024 | Wire | $ 10,000.00 |
| Appliances Connection | GB Best Services LLC | 1/25/2024 | Wire | $ 20,100.00 |
| Appliances Connection | GB Best Services LLC | 2/1/2024 | Wire | $ 14,850.00 |
| Appliances Connection | GB Best Services LLC | 2/13/2024 | Wire | $ 17,400.00 |
| Appliances Connection | GB Best Services LLC | 2/20/2024 | Wire | $ 16,850.00 |
| Appliances Connection | GB Best Services LLC | 2/27/2024 | Wire | $ 17,850.00 |
| | | | | $ 177,050.00 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>POLISHED.COM INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-10353 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of POLISHED.COM INC., *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>GB BEST SERVICES, LLC,<br><br>Defendant. | Adv. Proc. No. 26-50195 (TMH) |

**CERTIFICATE OF SERVICE**

I, Peter J. Keane, hereby certify that on the 3rd day of August, 2026, I caused a copy of the following document(s) to be served on the individuals on the attached service list(s) in the manner indicated:

**Plaintiff's Request for Entry of Default (with Exhibit A);**

**Declaration of Counsel in Support of Plaintiff's Request for Entry of Default (with Exhibit 1)**

*/s/ Peter J. Keane*
Peter J. Keane (DE Bar No. 5503)

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

**GB Best Services, LLC, Service List**
**Adv. Proc. No. 26-50195 (TMH)**

**FIRST CLASS MAIL & CERTIFIED MAIL**
GB Best Services, LLC
308 8th Street
Union City, NJ 07087

GB Best Services, LLC
812 Central Avenue
Union City, NJ 07087

Registered Agent, Gershon N. Bonilla Hernandez
GB Best Services, LLC
812 Central Avenue
Union City, NJ 07087-2924